UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 20-15318 |
| YASHICA L SPELLMAN, | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| Debtor(s) | ) | |

**AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT**

THIS CASE is before the Court on the motion of LAKEVIEW LOAN SERVICING LLC (hereinafter, "Creditor"), for property located at 1218 S Sawyer Avenue, Chicago, IL 60623:

IT IS HEREBY ORDERED:

1. The parties have agreed to repay the following post-petition default pursuant to the terms of this order:
   a. Mortgage Payments  04/01/22 - 05/01/22     2 payments @ $1,687.77 = $3,375.54
   b. Bankruptcy Fees/Costs  Attorney Fees $1,050.00; costs, $188.00     = $1,238.00
   c. Less Amount in Suspense     = $1,556.77
      Total Amount to be Repaid through this Order:     = $3,056.77

2. That Creditor must receive the following payments by the corresponding dates:

   a. $509.46 plus the June, 2022 post-petition mortgage payment on or before the last day of that month;
   b. $509.46 plus the July, 2022 post-petition mortgage payment on or before the last day of that month;
   c. $509.46 plus the August, 2022 post-petition mortgage payment on or before the last day of that month;
   d. $509.46 plus the September, 2022 post-petition mortgage payment on or before the last day of that month;
   e. $509.46 plus the October, 2022 post-petition mortgage payment on or before the last day of that month;
   f. $509.47 plus the November, 2022 post-petition mortgage payment on or before the last day of that month;

3. That Creditor must receive the payments listed in Paragraph 2 on or before the corresponding dates.  If Creditor fails to receive any one of the payments listed in Paragraph 2, then the repayment schedule in Paragraph 2 is void and all of the past due payments listed in that paragraph will be due. The Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Default with Certificate of Service stating that the Debtor has fourteen (14) calendar days to cure the post-petition default in full.  In the event the Debtor fails to cure the post-petition default in full within that time period, the Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Stay Termination with Certificate of Service stating that the stay is terminated as to the Creditor, its

principals, agents, successors and/or assigns, as to the property securing its interest;

4. That upon completion of the repayment schedule of Paragraph 2 or tender of funds to bring the loan post-petition current under Paragraph 3, the Debtor must continue to make "timely" post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

5. That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

6. That if Creditor fails to receive two "timely" post-petition monthly mortgage payments, the Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Default with Certificate of Service stating that the Debtor has fourteen (14) calendar days to cure the post-petition default in full. In the event the Debtor fails to cure the post-petition default in full within that time period, the Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Stay Termination with Certificate of Service stating that the stay is terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interests;

7. In the event that Creditor should have to send out any Notices of Default, Creditor may include up to $100 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that amount must be tendered prior to the expiration of the cure period set forth in the Notice;

8. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding and payments will be due pursuant to the terms of the original loan agreement, the automatic stay is terminated, and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the property securing its interest and/or against Debtor.

|  |  |
|---|---|
| /s/ Michelle E. Mandroiu | /s/ Terri M. Long |
| Attorney for Debtor | Attorney for Creditor |

Enter: *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated: **May 31, 2022**

**Prepared by:**
Terri M. Long ARDC#6196966
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
File No. 14-20-01832